PER CURIAM.
h Denied. Relator’s application for post-conviction relief is untimely. See La. C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. Although relator claims an exception to the time-bar applies based on two affidavits executed in 2014, relator has failed to provide any information regarding when he or his trial counsel learned of the information and has not addressed, much less proven, that he exercised the diligence required for the exception to apply. See La.C.Cr.P. art. 930.8(A)(1). Moreover, even absent the time-bar, the lower- courts did not err in determining that relator failed to show ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) or a viable actual innocence claim.
Relator has now filed and fully litigated his application for post-conviction relief in the state courts. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under | gthe narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La. C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final-. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.